

FILED
GREAT FALLS DIV.
2008 DEC 11 AM 9 05
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| IN RE:<br><br>WILLIAM M. FEATHERSON and<br>PHYLLIS B. FEATHERSON<br><br>     Debtor, | CAUSE NO. CV 08-16-GF-SEH |
| WILLIAM M. FEATHERSON and<br>PHYLLIS B. FEATHERSON<br><br>     Appellants,<br><br>v.<br><br>ROBERT G. DRUMMOND, Chapter 13<br>Standing Trustee,<br><br>     Appellee. | **Memorandum and Order** |

1

## INTRODUCTION

William M. Featherson and Phyllis B. Featherson seek judicial review of the September 28, 2007, and February 12, 2008, orders of United States Bankruptcy Court for the District of Montana holding that their deduction of income from the sale of livestock should be included in the projected disposable income calculation of their bankruptcy plan.

## DISCUSSION

### Issue

Should deductions of one-time farm income be included in projected disposable income calculation required for a proposed bankruptcy plan under 11 U.S.C. §1325(b).

### Standard of Review

This Court has jurisdiction under 28 U.S.C. § 158. The bankruptcy court's findings of fact are reviewed for clear error. Conclusions of law are given *de novo* review. See Olshan v. U.S., 356 F.3d 1078, 1083 (9th Cir. 2004).

### Disposable Income

The bankruptcy court has the authority to approve a bankruptcy plan submitted by debtors. For a plan to be approved, each requirement of 11 U.S.C. §1325 must be met. See In re Barnes, 32 F.3d 405, 407 (9th Cir. 1994). At issue in this matter is the definition of disposable income under 11 U.S.C. § 1325, which states in pertinent part that "'disposable income' means current monthly income received by the debtor." See 11 U.S.C. §1325.

In its interpretation of this statute the bankruptcy court relied on the analysis contained in In re Tuss, 360 B.R. 684 (Bankr. D. Mont. 2007) and In re Tranmer, 355 B.R. 234 (Bankr. D. Mont. 2006), which states that a "mechanical test" shall be used to determine the reasonableness

2

of a debtor's disposable income calculation.

Debtors base their appeal on the argument that the holding in Pak, 378 B.R. 257, (9th Cir. BAP 2007), controls. Pak states that the calculation of "disposable income" under §1325 is "merely a starting point for deriving "projected disposable income." Pak, at 267. In its February 12, 2008, order the bankruptcy court declined to adopt the Pak holding. This Court agrees with application of a "mechanical test" and affirms the bankruptcy court's refusal to adopt Pak.

On June 23, 2008, the United States Court of Appeals for the Ninth Circuit issued an amended ruling in In re Kagenvema, 541 F.3d 868 (9th Cir. 2008). In Kagenvema, the court was faced with the question of whether "projected disposable income" means "disposable income" as defined by the statute or whether "disposable income" is only a starting point for plan calculation as stated in Pak. See Kagenvema, 541 F.3d at 872. It rejected the argument that "disposable income" is merely a starting point for bankruptcy plan calculation and specifically refused to endorse the Pak holding:

> This line of authority is unpersuasive because no text in the Bankruptcy Code creates a presumptively correct definition of "disposable income" subject to modification based on anticipated changes in income or expenses.

In re Kagenvema, 541 F.3d at 874.

## CONCLUSION

The bankruptcy court did not err. Under the analysis provided in Kagenvema, the bankruptcy court correctly sustained the Trustee/Appellee's objection to confirmation of Debtor/Appellant's bankruptcy plan. The definition of "disposable income" provided in 11 U.S.C. §1325 is valid and the initial calculation should be used. Subsequent adjustments to the calculation are not permitted. Debtor/Appellee's livestock sale is to be included in its final

bankruptcy plan calculation.

ORDERED:

The September 28, 2007, and February 12, 2008, orders[1] of the United States Bankruptcy Court for the District of Montana are AFFIRMED.

DATED this 10th day of December, 2008.

SAM E. HADDON
United States District Judge

---

[1]Case No. 07-60296-13

4